# SMITH KATZENSTEIN JENKINS LLP

April 20, 2022

***VIA CM/ECF, EMAIL, & HAND DELIVERY***
Hon. Susan Robinson
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801

      **Re:** ***Shilpa Pharma, Inc., v. Novartis Pharms. Corp.,* C.A. No. 21-558-MN-SRF**

Dear Judge Robinson:

      We along with Sughrue Mion LLP ("Sughrue") represent Plaintiff Shilpa Pharma, Inc. ("Shilpa") in the above referenced matter.  We write in response to the questions in Your Honor's email of April 18 as set forth below.

      Novartis seeks to derail the present disqualification motion into a referendum on the whether the 2016 communications between the parties factually support the allegations of willfulness in this case.  To be clear, the 2016 correspondence and in-person meeting **do not** form the basis for the willfulness allegations, as alleged by Novartis.  The 2016 correspondence establishes Novartis' ***knowledge*** of the '816 patent in 2016, a fact not contested by Novartis.[1]

      Shilpa's proof of willfulness does not require any statements or representations by Mr. Iyer. He is not a fact witness on this issue.  Rather, willful infringement requires proof that Novartis "took actions, with ***knowledge*** of the patent, and with the ***intent*** of infringing the patent. " *AOS Holding Co. v. Bradford White Corp*., No. 18-412-LPS, 2021 U.S. Dist. LEXIS 224295 (D. Del. Mar. 31, 2021) (emphasis added), *citing Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S. Ct. 1923, 1932-36, 195 L. Ed. 2d 278 (2016).  The Federal Circuit has made clear that "willful infringement can simply be 'deliberate' infringement" *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc*., 946 F.3d 1367, 1379 (Fed. Cir. 2020), and a "[f]actor that may be considered in assessing whether infringement was  intentional and deliberate include . . . *whether the defendant reasonably believed it did not infringe the patent*." *AOS Holding Co., supra* (emphasis added); *bioMérieux, S.A. v. Hologic, Inc.*, No. 18-21-LPS, 2020 U.S. Dist. LEXIS 25318 (D. Del. Feb. 7, 2020).  The burdens of proving *knowledge* and *intent* do not implicate Mr. Iyer's conversations with Novartis in 2016, and Novartis has pointed to no fact in this record that makes Mr. Iyer a necessary witness.

**1.  Is disqualification appropriate based on Shilpa's responses to interrogatories 3 and 7 and Mr. Iyer's declaration?**

      No. Disqualification is wholly inappropriate here.  Novartis has failed to meet the clear and convincing standard required for disqualification of an attorney, a drastic remedy based on the

---

[1]  Novartis' first knowledge of the '816 patent in 2016 is not contested. (Novartis counsel stated "[t]hat is an issue but it is an undisputed issue. Novartis had notice of the patent's existence by virtue of Mr. Iyer alerting us to it."  Hearing Tr. April 14, 2022, at 9:18-20 (attached as Exh. 9)).

Hon. Susan Robinson, Page 2

most threadbare of evidentiary records in this case.  As Your Honor pointed out on April 7, Novartis' motion is "just attorney argument."[2] Exh. 9 at 28:8-9.

Shilpa's response to Interrogatory No. 3 describes Novartis awareness of the patent in 2016, a matter that is uncontested. Shilpa's response to Interrogatory No. 7 speaks directly to the (1) **knowledge** and (2) **intent** elements of proving willfulness by first describing the correspondences and meeting between the parties in 2016 to show that "Novartis **thus** had **knowledge** of the '816 patent." (emphasis added). Regarding **intent**, Shilpa further stated in response to Interrogatory 7 that "Novartis…never provided a basis for demonstrating a good faith belief that their Gilenya® product was not covered by one or more claims of the '816 patent." This factual statement informs the legal question of intent, *i.e.,* whether Novartis "reasonably believed it did not infringe the patent." *AOS Holding Co.; bioMérieux, S.A*., *supra*.  Those proofs will be based on discovery from Novartis, not anything Mr. Iyer said or did. Other than establishing knowledge of the patent (uncontested), the early 2016 communications are irrelevant to Shilpa's demonstrating willfulness.

Mr. Iyer's Declaration adds nothing to the knowledge and intent calculus and does not make him a necessary witness.  Novartis contends that Mr. Iyer did not advise Novartis of its own infringement and advised it of the '816 patent for a different purpose,[3] and that this "fact" is relevant to willfulness. It is not. "Knowledge" is admitted and undisputed.  Mr. Iyer will not need to and will not testify at trial regarding Novartis' knowledge of the patent in suit. And even accepting Novartis' version of the 2016 events, they do not relate to Novartis' "intent." Once Novartis had knowledge of the patent, its intent for willfulness purposes is established by reference to its own conduct. Nothing Mr. Iyer said or is alleged to have said is relevant to Novartis' intent and he is not a necessary witness on this issue.  Mr. Iyer is not going to be a trial advocate in this case (D.I. 54), and so the lawyer-witness rule 3.7 is not a basis for disqualification.

**2.  Are there other factual bases that support Shilpa's allegations of willful and induced infringement?**

The question presented is whether Mr. Iyer is likely a necessary witness to facts central to the issues in the litigation, which cannot be obtained elsewhere and are not cumulative of facts of record. *Leonard v. Univ. of Del*., No. 96-360, 1997 WL 158280 (D. Del. Mar. 20, 1997).  Nothing in Shilpa's response to Interrogatories 3 or 7 or his Declaration contain such facts, and nothing in those materials is relevant to Novartis' 'intentional' or 'deliberate' infringement.  Nonetheless, there are ample additional factual bases supporting allegations of willful and induced infringement.

Regarding **willful** infringement, the Complaint ¶¶ 38-44 alleges that a 2015 publication (by Wang et al.) describes the testing of fingolimod hydrochloride Form I, the same form used in Gilenya. The Complaint alleges that- according to the Wang article - when the single crystal data for Form I is converted to PXRD data, Form I shows all of the peaks claimed in the '816 patent.

_____

[2] Novartis withheld until its reply brief "bullet points of evidence" described as an "attorney proffer" it hopes will materialize during this case. Exh. 9 at 28: 16-24; D.I. 58 at 3-4.  Yet its "proffer" consists of what the '816 *patent* did not disclose, what the *complaint* does not allege, what *Shilpa* did not do, actions *Novartis* did not undertake, and what the *emails* sent to Mr. Waibel do not say.  D.I. 58 at 3-4. None of those bases of Novartis' motion implicate Mr. Iyer as a witness.
[3]  Exh. 9 at 10:2-17.

Hon. Susan Robinson, Page 3

¶43. This basis of infringement is independent of the other bases alleged. ¶38.  Paragraphs 49-50 allege that Novartis was aware of the '816 patent in 2016 (after the Wang article published) and that it *knew or should have known* that its Gilenya product infringed the '816 patent. *Arctic Cat Inc. v. Bombardier Rec. Prods*., 876 F.3d 1350, 1371 (Fed. Cir. 2017)(requiring proof that BRP actually "knew *or should have known* that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.") (emphasis added). *WesternGeco L.L.C. v. ION Geophysical Corp*., 837 F.3d 1358, 1362 (Fed. Cir. 2016), *rev'd on other grounds*, 138 S.Ct. 2129 (2016) (defendant action despite a risk of infringement 'either known or so obvious that it should have been known to the accused infringer' can support an award of enhanced damages.") *Id.* Notwithstanding the Wang publication data (from which Novartis knew or should have known that the fingolimod hydrochloride used in Gilenya contained the same PXRD peaks that are claimed in the '816 patent) Novartis deliberately continued its manufacture and sale of Gilenya in the U.S. D.I. 1¶¶ 49-50.

Regarding *induced* infringement, the Complaint additionally alleges Novartis' "active marketing and promotion of its GILENYA® Products, as well as the supply of its product label which encourages the use of GILENYA® for at least the uses described therein." D.I. 1 ¶¶ 36, 46, 47.  Shilpa's infringement contentions (attached in part[4] as Exh. 10) provide additional factual support for demonstrating Novartis' induced infringement, which are independent of Interrogatories 3, 7, or the Iyer Declaration.  None of these bases require the testimony of Mr. Iyer.

### 3.  Isn't Mr. Iyer the only witness/evidence to the 2016 meetings that form the basis for the allegations?

Other than providing Novartis with *knowledge* of the patent, the 2016 meeting correspondences do not form the basis of inducement or willfulness allegations. Mr. Iyer is not a witness on those issues. Shilpa personnel were present at the in-person meeting and Mr. Waibel was present for all of the correspondences and meetings in 2016.  If Novartis believes something important was said in 2016, they can present Mr. Waibel to explain himself.[5] If they believe additional factual evidence is required, they can produce documents they have withheld to date. Shilpa has nothing further to produce on the matter and will not call Mr. Iyer as a witness on those issues.  But hiding Mr. Waibel behind a wall while publicly seeking to disqualify Shilpa's counsel of choice without a single document, an admission or any established fact is a litigation tactic courts regard with a telling opprobrium. *In re Fisker Auto. Holdings, Inc. S'holder Litig*., No. 13-2100-DBS, 2018 WL 3991470, at *4 (D. Del. Aug. 20, 2018) ("the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons."). It is patently unfair for Novartis to seek disqualification of Mr. Iyer based on supposition[6] rather than to "expose" Mr. Waibel to potential "trouble down the road," for fear that he would be "trap[ped] inappropriately." Exh. 9 at 69:15-18; 28:25-29:4.   Novartis has not taken Mr. Iyer's deposition, and on the present record, Novartis has not carried its heavy burden.

---

[4] Only the relevant, nonconfidential portions of the document are attached hereto.

[5] Novartis' Counsel repeatedly hinted at Waibel's likely testimony - not as a matter of established fact on this record - but as attorney argument.  *See* Exh. 9 at 10:2-17; 12:18-22; 14:7-19; 19:20-24.  Novartis' burden of proving disqualification by clear and convincing evidence cannot rest on unsupported attorney argument.

[6] D.I. 83 (describing illusory confidential information and nonexistent documents as a basis for disqualification); D.I. 53 at *e.g*., 9-12, 13-16; *See*  n. 2, above.

Hon. Susan Robinson, Page 4

Respectfully Submitted,

*/s/ Neal C. Belgam*

Neal C. Belgam (#2721)

cc:     All Counsel of Record (via CM/ECF)
        Special Master Sue L. Robinson (via email & hand delivery)