# SMITH KATZENSTEIN JENKINS LLP

June 2, 2022

**VIA CM/ECF**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, DE 19801-3555

**Re:** *Shilpa Pharma, Inc. v. Novartis Pharms. Corp.*, C.A. No. 21-558-MN-SRF

Dear Magistrate Judge Fallon:

We write on behalf of Plaintiff Shilpa Pharma, Inc. ("Shilpa") in connection with the Protective Order in this case, and further to our letters of May 20, 2022 (D.I. 102) and May 23, 2022 (D.I. 104).

As your Honor is aware, Defendant Novartis Pharmaceuticals Corporation ("Novartis") filed a Motion to Disqualify Chidambaram S. Iyer as Plaintiff's counsel on November 22, 2021 (D.I. 41). During the pendency of that motion, Novartis requested that Mr. Iyer be excluded from access to Novartis Confidential Information under the Protective Order. Although Shilpa opposed that request, Your Honor issued an Order granting Novartis' request, and denying Shilpa's request to have entered its form of the draft Protective Order, albeit "without prejudice to renew *following resolution of the motion to disqualify*." Oral Order, December 2, 2021 (emphasis added).

The Motion to Disqualify has now been resolved. A May 5, 2022 Report and Recommendation from Judge Robinson (as Special Master) denied Novartis' Motion (D.I. 98), and the Court adopted the Report in its entirety, finding no clear error on the face of the record, and without any objections from Novartis. D.I. 101.

As Novartis' motion has now been resolved in Shilpa's favor, the then-pending circumstances under which Your Honor temporarily precluded Mr. Iyer from accessing Confidential information no longer exist. Shilpa respectfully renews its request that Mr. Iyer be permitted access to all information as a "Qualified Person" under Paragraph 5 of the Protective Order (D.I. 52), and that the Court adopt a modified version of the Protective Order consistent therewith. A revised form of protective order is attached hereto as Ex. 1.

**Mr. Iyer's exclusion was temporary**

It is beyond any argument that Mr. Iyer's exclusion was temporary. Novartis' November 29 letter to your Honor stated that Mr. Iyer's preclusion was "essential, at least *on an interim basis*, *pending resolution of Novartis's motion to disqualify*" (D.I. 45 at 1), *"[p]ending resolution of [the disqualification] issue" Id.,* "pending Novartis' disqualification motion" *Id.* at 2, that "Mr. Iyer should receive no protected information *pending disqualification*" *Id*., "at least until *Novartis's disqualification motion is decided*" *Id*. at 3, "Novartis merely seeks protection *pending*

*resolution of disqualification.*" *Id*. at 3 (emphasis added). In its letter to Your Honor the following day on November 30, 2021, Novartis repeatedly emphasized the temporary nature of its exclusion request, stating that the Court should "sideline Mr. Iyer from access to that information *while the Court decides disqualification*" D.I. 48, p. 1, that Mr. Iyer "should be *temporarily* sidelined . . . *while the Court considers the motion to disqualify*" *Id.* at 2, that "Mr. Iyer should be denied Novartis's confidential data *until the disqualification motion is resolved*" *Id*., and seeking entry of a "protective order that precludes Mr. Iyer from receiving confidential materials *pending resolution of the disqualification motion*." D.I. 48 at 3.

Consistent with its **ten** different representations that its exclusion requests in its letters to Your Honor were temporary (and pending resolution of the disqualification motion), Novartis proposed a version of the Protective Order that stated "*[u]ntil the parties' dispute regarding Mr. Iyer is resolved*, Mr. Iyer may not access information . . .*" D.I. 45-2, p. 3 of 25 (emphasis added). Your Honor's Oral Order of December 2 "*temporarily* preclude[d] Mr. Iyer's access to confidential information. . . *pending resolution* of the motion to disqualify." Oral Order, December 2, 2021 (emphasis added). The following day, December 3, 2021, the Court entered the Protective Order stating that Mr. Iyer's access would be limited *"[until] the parties' dispute regarding Mr. Iyer is resolved*." D.I. 52 p. 2.

**Novartis' disqualification motion has now been resolved in Shilpa's favor**

The dispute over Mr. Iyer's disqualification has now been resolved. In her Report and Recommendation, Judge Robinson found that because Mr. Iyer would not act as a trial advocate (D.I. 98 at 4-5) and in the complete absence of any "evidence that Mr. Iyer would so testify" as a witness (*Id.* at 6), there is "no credible support for the application of Rule 3.7" and that "Novartis has not carried its burden to clearly show that continued representation would be impermissible under Rule 3.7." *Id.* at 7. Novartis never objected to any aspect of Judge Robinson's Report and Recommendation before its adoption in full. D.I. 101.

Mr. Iyer's access to confidential information should be restored now that Novartis' motion to disqualify has been denied. That result is consistent with Novartis' multiple, repeated representations to Your Honor that its request for exclusion was *temporary*, *pending* the result of Novartis' motion. It is also the consequential result of Your Honor's temporary exclusion of Mr. Iyer from the Protective Order (Oral Order, December 2, 2021), and of the Protective Order as adopted, which only limited Mr. Iyer's access to confidential information *"[until] the parties' dispute regarding Mr. Iyer is resolved."* D.I. 52 p. 2. The dispute is now resolved and so the temporary restriction on Mr. Iyer's access should be removed.

Novartis has already agreed with this result. In its November 29, 2021 letter to Your Honor, it concluded by stating that ***"[i]f the motion is denied, then Mr. Iyer would return to being treated as any other outside counsel."*** D.I. 45 p. 3. Having represented to the Court the consequences of a denial of its motion, Novartis' present posturing should not be countenanced.

Hon. Sherry R. Fallon
June 2, 2022 Page 3

**Novartis disregards the authority of this Court and of Judge Robinson**

Novartis argues that the Court's Order necessarily makes permanent the temporary ban on Mr. Iyer's access to confidential information in this case, disregarding Judge Robinson's Report and Recommendation and this Court's adoption of that Report that disqualification be denied. (Ex. 2, email from R. Trenchard, May 26, 2022). Ignoring **ten or more** representations to Your Honor that Mr. Iyer's exclusion was temporary, Novartis now argues – based on a convoluted reading of the Report – that Judge Robinson's Report made Mr. Iyer's exclusion permanent. Its position is untenable for several reasons.

*First*, Novartis argues that participation in his "present capacity" is a "ruling" that Mr. Iyer be permanently banned from access to confidential information. That is ridiculous. Judge Robinson's Report discussed the two "capacities" relevant to Novartis' motion under Rule 3.7: attorney as witness and attorney as trial advocate. D.I. 98 at 4-5. It is the potential conflict between those two roles that give rise to the proscriptions in Rule 3.7 against a lawyer acting in both capacities. Judge Robinson found that Mr. Iyer will not be a trial advocate in this case based on unchallenged averments in his own Declaration. *Id*., citing D.I. 54 at ¶ 15. Turning to his alleged role as potential witness, the Report found that there was "**no evidence** that Mr. Iyer would so testify" as a witness. D.I. 98 p. 6-7 (emphasis added). Rather, Judge Robinson recognized Mr. Iyer's role in this case was as "counsel to Shilpa . . .[in] a litigation advisory capacity." *Id.* at 4.

Judge Robinson's statement that Novartis would not suffer any prejudice if Mr. Iyer continued in his "present capacity" (*Id.* at 7) referred to his role as counsel to Shilpa in a litigation advisory capacity, as opposed to the other two capacities discussed – trial advocate and witness. Only roles as trial advocate or witness are affected by access to confidential information. Mr. Iyer's role as "counsel to Shilpa" is not implicated by Novartis confidential information, and Judge Robinson's Report nowhere describes a capacity of permanent exclusion from access to confidential information. Novartis' tortured reading of the Report effectively vitiates Judge Robinson's recommendation that disqualification be denied, because it continues to treat Mr. Iyer as a witness who must be disqualified, a conclusion rejected as lacking any evidence. *Id*. at 6.

*Second*, the "present capacity" language was not a "ruling" as Novartis states. It is *dictum* explaining that Novartis is not prejudiced if Mr. Iyer continues in his present role as counsel to Shilpa. *Id.* at 7. In that role, Mr. Iyer has been sidelined by Novartis long enough. The once-exigent conditions placing him on the sidelines no longer exist. The only "ruling" by Judge Robinson is the Recommendation that Novartis' Motion be denied. Which it now has. D.I. 101.

Repudiating Judge Robinson's Report, Novartis posits that "[a]s Judge Robinson also observed, Mr. Iyer likely remains a witness on Novartis's case on the issue of willful patent infringement." That is plainly wrong. Judge Robinson nowhere observed that Mr. Iyer likely remains a witness in this case. To the contrary, Novartis already offered that same unsupported argument to Judge Robinson, and she already rejected it, stating that "[o]ther than attorney argument, however, there is no evidence that Mr. Iyer would so testify." *Id.* at 6.

*Third*, Novartis never objected to Judge Robinson's Report within the seven-day period authorized. While disguised as a dispute over Protective Order language, its present arguments

Hon. Sherry R. Fallon
June 2, 2022 Page 4

are little more than belated and untimely objections to the Report's findings that "there is no evidence that Mr. Iyer would so testify" as a witness, and that "Novartis has not carried its burden to clearly show that continued representation would be impermissible under Rule 3.7." *Id*. at 6-7. The time for Novartis' objections has passed. If Novartis disagreed with Judge Robinson's Recommendations and findings, it is far too late.  All of its present caterwauling cannot transform the denial of its disqualification motion into the grant of the same. While Novartis still insists that it is entitled to Mr. Iyer's disqualification,[1] the findings and recommendations in Judge Robinson's Report cannot be twisted into a ruling that Mr. Iyer's exclusion from access to confidential information remain permanent.

For the reasons set forth above and in our earlier letters (D.I. 102 & 104), Shilpa respectfully requests that Your Honor grant Shilpa's request to permit Mr. Iyer access to all information as a "Qualified Person" under Paragraph 5 of the Protective Order (D.I. 52), and that the Court adopt a modified version of the Protective Order consistent therewith.

Respectfully Submitted,

*/s/ Eve H. Ormerod*

Eve H. Ormerod (#5369)

Enclosures

cc: Clerk of Court (via CM/ECF)
All Counsel of Record (via CM/ECF)

---

[1] In its May 25, 2022 Rule 12(c) Motion (D.I. 107), Novartis demands that "Mr. Iyer must be disqualified" or Shilpa must give up its willfulness claims. *Id*. at 7.