

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

June 2, 2022

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Unit 14, Room 6100
Wilmington, DE 19801-3555

Re: *Shilpa Pharma, Inc. v. Novartis Pharmaceuticals Corporation,*
**C.A. No. 21-558-MN (D. Del.)**

Dear Magistrate Judge Fallon:

We write for defendant Novartis pursuant to the Court's May 26, 2022 order (*see* D.I. 119) to present discovery disputes with plaintiff Shilpa in this patent litigation.

Novartis's discovery requests seek information about patent validity and enforceability; willfulness and inequitable conduct; and counterclaims. All of this discovery goes to core merits issues. The parties met and conferred on these issues for three weeks by email, letter, and phone. Shilpa still refuses to provide this core information, as follows.

**1.     Contentions**: Novartis Interrogatory 11 asks Shilpa to "[s]et forth in detail all legal and factual bases for any contention that the 816 Patent is not invalid or unenforceable as set forth in Novartis's Invalidity Contentions." (Ex. A (Shilpa's Responses to Novartis's Third Interrogatories), at 2.) The Interrogatory further cites the Scheduling Order at 4, where the "Court encourages the parties to serve and respond to contention interrogatories" and states that the "adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive)." (*See* D.I. 21 (Scheduling Order), at 4.)

Novartis has provided invalidity contentions with copious detail. (*See* Ex. B.) The main document is 48 pages long and sets forth multiple bases for invalidity or unenforceability. Nine exhibits total a further almost 90 pages, detailing invalidity based on nine different references. Under the Scheduling Order, Novartis should have received an equally detailed response. But the sum total of Shilpa's response was the one-line statement that "issued patents, including the '816 Patent, are presumed valid and enforceable under 35 U.S.C. § 282." (Ex. A at 3.)

This is woefully insufficient. The Court should order Shilpa to respond at a level of detail commensurate with Novartis's invalidity contentions, as directed by the Scheduling Order. "[C]ontention interrogatories serve the useful function of enabling the requesting party to understand what the opposing party's theory of liability or defense at trial will be, and thereby help clarify and simplify the issues in advance of the trial." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, D.I. 344, at 4 (D. Del. Oct. 22, 2021) (internal quotations omitted). Patentees accordingly are routinely directed to answer contention interrogatories on validity. For instance,

in *Quantum Loyalty Systems, Inc. v. TPG Rewards, Inc.*, No. 09-022, 2012 WL 726842, at *2–*3 (D. Del. Mar. 6, 2012), the Court compelled the patentee to provide fulsome interrogatory responses on validity. And in *Astellas Pharma, Inc. v. Actavis Elizabeth*, No. 16-905, 2018 WL 5292546, at *1–*2 (D. Del. Oct. 24, 2018), the Court held that the patentee had acted improperly in not providing timely contention interrogatory responses on validity (specifically, on secondary considerations). Numerous other courts have held the same.[1]

The Scheduling Order here contemplates just such an exchange. It provides that contentions "shall first be addressed by the party with the burden of proof." Novartis has done that by providing detailed invalidity contentions. Then, for responsive contentions, "the more detail a party provides, the more detail a party shall receive." (D.I. 21 at 4.) Shilpa's one-line response to Novartis's voluminous contentions does not comport with this directive.

In the meet and confer process, Shilpa complained that Novartis had not provided a response to Shilpa's non-infringement contention interrogatory. But that request was made before Shilpa had first provided opening infringement contentions, so Novartis had no benchmark for assessing the level of detail required (and also had no duty to respond under the Court's Scheduling Order, which first requires contentions from the party with the burden of proof). Now that Shilpa has served infringement contentions, Novartis has told Shilpa that Novartis will provide an updated response. That did not satisfy Shilpa, which still refuses to respond to Novartis's validity contention interrogatory.

Shilpa has also suggested that its validity contentions would be premature in view of the eventual final contentions and expert discovery on these issues. That is incorrect. Compelling Shilpa to provide validity contentions now will help hone the issues and allow Novartis to prepare for fact and expert discovery—the very purpose they are designed for. "Answers to contention interrogatories also serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012).

Lastly, Shilpa complained that parts of Novartis's contentions are less developed than others, such that Shilpa need not reply. This is risible. According to the Scheduling Order, Shilpa should respond to the contentions in commensurate detail. Shilpa must respond in detail to the parts of the contentions that are detailed, and in less detail to the parts that are less detailed.

Given the express directive in the Scheduling Order, Shilpa has no basis for withholding this information. The Court should direct Shilpa to provide contentions at an equivalent level of detail to Novartis's contentions by June 24, 2022. Novartis will likewise provide supplemental

---

[1] *See, e.g., Amgen Inc. v. Sandoz Inc.*, No. 14-4741, 2017 WL 1352052, at *2–*3 (N.D. Cal. Apr. 13, 2017) (compelling patentee to respond to validity infringement contentions); *Bravo Co. USA, Inc. v. Badger Ordnance LLC*, No. 14-387, 2016 WL 6518436, at *3 (D. Nev. Nov. 2, 2016) (same); *SPH America, LLC v. Research in Motion, Ltd.*, No. 13-2320, 2016 WL 6305414, at *2–*3 (S.D. Cal. Aug. 16, 2016) (same); *Layne Christensen Co. v. Purolite Co.*, No. 09-2381, 2011 WL 231400, at *1 (D. Kan. Jan. 24, 2011) (same).

infringement contention responses by the same date.

**2.      Willfulness**: Interrogatories 16 and 17 and RFPs 104 and 105 seek information about Shilpa's actions in 2016 to explore the Complaint's allegations of willfulness and inequitable conduct. (Ex. A at 6–7; Ex. C (Shilpa's Responses to Novartis's Second RFPs), at 26–27.)

Shilpa alleges that outside counsel Mr. Chid Iyer told Novartis that Gilenya infringes the 816 Patent in 2016, and on that basis alleged willful patent infringement for sales thereafter. (Ex. D (Shilpa's Responses to Novartis's First Interrogatories), at 10–11.) Novartis disputes that Mr. Iyer told Novartis in 2016 that Gilenya infringes. In fact, Mr. Iyer offered to license Novartis Shilpa's patent to then use against other companies. Novartis accordingly seeks discovery to probe Shilpa's allegations. In addition, Novartis's counterclaims allege that Shilpa failed to preserve documents as part of a cover-up to fraudulent conduct before the Patent Office. (D.I. 85 ¶ 79.)

These topics are indisputably relevant, and the stakes are high—Shilpa seeks potentially over a billion dollars in compensatory damages. A willfulness finding could add billions more. So the balance tips heavily in favor of disclosure. *See* FRCP 26(b)(1) ("the scope of discovery" determined in part by "the importance of the issues at stake in the action"; "the amount in controversy"; and "the importance of the discovery in resolving the issues").

In particular, if Mr. Iyer had in fact accused Novartis of infringement, then an experienced litigant like Shilpa would be expected to have taken normal litigation steps like issuing a document preservation instruction to relevant employees. Novartis seeks information about any such efforts. Interrogatory 16 asks for information about Shilpa's litigation holds; Interrogatory 17 asks for the steps Shilpa took to preserve paper documents when one of the inventors and the Patent's prosecutor left the company; and RFPs 104 and 105 ask for information sufficient to identify Shilpa's email system and its capabilities. (*See* Ex. A at 6–7; Ex. C at 26–27.)

Some of this discovery is a follow-up to Shilpa's response to Interrogatory 10. (Ex. E at 3.) There, Shilpa did not answer the specific question of whether it had issued a litigation hold in 2016, and instead touted its routine systems of preservation. However, if Shilpa issued a litigation hold at any point in time, then that would tend to undermine Shilpa's stated reason for not issuing a hold in 2016—there would be no need for a hold if Shilpa's systems were as robust as suggested in response to Interrogator 10. Likewise, Novartis seeks information about Shilpa's electronic systems to probe their ability to preserve in the absence of a litigation hold, as suggested in the response to Interrogatory 10.

None of this discovery is burdensome, one of the other considerations under FRCP 26(b)(1). Shilpa has not contended otherwise. Instead, Shilpa has cited cases about "discovery on discovery" to argue that investigation into document preservation and related issues is premature before deficiencies are found in a party's production. This idea is inapposite.

Novartis is not seeking this discovery to test the results of Shilpa's discovery efforts to date. As Shilpa has pointed out, those discovery efforts are nascent. Rather, each of these discovery requests seeks information relevant to Shilpa's allegation of willfulness. If Shilpa took

no steps to preserve documents in 2016, then that would tend to show that Shilpa did not in fact accuse Novartis of infringement in 2016. Shilpa's purported reliance on routine document preservation procedures as described in the response to Interrogatory 10 is likewise subject to testing against the actual systems Shilpa claims to have relied on. This is core merits discovery that has nothing to do with "discovery on discovery."

Special Master the Hon. Sue Robinson has recently found that Novartis's "version of the facts" would indeed be inconsistent with Shilpa's willfulness claims. (D.I. 98 at 6) Shilpa should not be permitted to thwart discovery into that version of the facts just because it happens to touch on Shilpa's document preservation in this case.[2] And the requests are equally central to Novartis's allegations of fraud and cover-up. Shilpa should be compelled to produce.

**3.   Counterclaims**: Interrogatories 19 and 20 seek the identities of people involved, respectively, in deciding to file the complaint and apply for the Patent. (Ex. A at 10.) This information is centrally relevant. Novartis asserts a *Walker Process* claim. "[A] Walker Process claim is premised upon 'the *enforcement* of a patent procured by fraud on the Patent Office.'" *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1357–1358 (Fed. Cir. 2004), *rev'd on other grounds*, 546 U.S. 394 (2006). Novartis thus must show that Shilpa (1) acquired the Patent through fraud, and (2) knowingly seeks to enforce that fraudulently-obtained patent here.

Interrogatories 19 and 20 are designed to discover the people involved in each step—the pursuit of the Patent and the assertion of that Patent in this case. The state of mind of each person involved is directly relevant to Novartis's counterclaims. Identifying them is the first step to assessing that state of mind. Shilpa cites no burden in gathering and providing this information.

Instead, Shilpa objected to providing this information in the meet and confer process on work product and privilege grounds. But the names of people involved in the decision to pursue the Patent and file this case are standard information that would be included on a privilege log. *See In re Joy Global, Inc.*, No. 01-039, 2008 WL 2435552, at *4–6 (D. Del. Jun. 16, 2008) ("privilege log must make a prima facie showing of each of the elements of the privilege," including the "privileged persons"). Shilpa indeed agreed to provide such information in a privilege log under the case's ESI order. (*See* D.I. 29 at 2 (requiring identities of relevant people).)

Shilpa also complained that the *Walker Process* counterclaim is "baseless," but the strength of Novartis's counterclaims is irrelevant. The counterclaims are in the case. They have not been dismissed. While Shilpa plans to file a motion to dismiss, Shilpa agreed to participate in discovery on the counterclaims in the meantime as part of the original stipulation controlling service and Shilpa's time to respond to the Amended Answer. (D.I. 91 ¶¶ 5–7.) There is no basis to withhold this core relevant information from Novartis. The Court should compel Shilpa to produce it.

---

[2] Novartis has recently filed a motion to dismiss the willfulness allegations after Shilpa refused to withdraw them. (D.I. 106.) Given Shilpa's refusal, the willfulness allegations will remain in the case until the motion is decided, and thus are a proper subject of discovery.

June 2, 2022
Page 5

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc:  Counsel of Record (via CM/ECF and Electronic Mail)