# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHILPA PHARMA, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> *Defendant.* | C.A. No. 21-558-MN |

### PLAINTIFF SHILPA PHARMA, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD SET OF INTERROGATORIES (NOS. 11-20)

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of this Court, Shilpa Pharma, Inc. ("Shilpa or Plaintiff"), hereby objects and responds to Defendant Novartis Pharmaceuticals Corporation's ("Novartis" or "Defendant") Third Set of Interrogatories (Nos. 11-20) ("Interrogatories") as follows:

### PRELIMINARY STATEMENT

The Preliminary Statements set forth in Shilpa's Responses and Objections to Defendant's First Set of Interrogatories to Plaintiff (Nos. 1-9), served October 18, 2021, and Shilpa's Response to Defendant's Second Set of Interrogatories to Plaintiff (No. 10), served January 17, 2022, are fully incorporated herein. The Preliminary Statements incorporated by reference shall have the same force as if fully stated herein.

### GENERAL OBJECTIONS

As applicable, the General Objections set forth in Shilpa's Responses and Objections to Defendant's First Set of Interrogatories to Plaintiff (Nos. 1-9), served October 18, 2021, and

Shilpa's Response to Defendant's Second Set of Interrogatories to Plaintiff (No. 10), served January 17, are fully incorporated herein and shall have the same force as if fully stated herein.

To the extent that Defendant seeks discovery-on-discovery, Shilpa objects to such requests as not being relevant to the claims or defenses of any party, and for being not proportional to the needs of this case, as Defendant has not shown any gaps in the production of Plaintiff's ESI, has not shown any reason to believe that documents have been deleted, and has not shown any basis for asserting that Plaintiff is not searching all relevant and reasonably available sources of ESI that would contain material responsive to Defendant's document requests. Furthermore, Shilpa has complied with the Federal Rules, and Local Rules/Standing Orders regarding discovery, including ESI discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

Shilpa expressly incorporates the above General Objections as though set forth fully in the following responses, and, to the extent that they are not raised in any particular response, Shilpa does not waive those objections. A response to an interrogatory shall neither be deemed a waiver of any applicable specific or general objection to that interrogatory nor interpreted as a waiver of any specific or general objection applicable to any other interrogatory.

**INTERROGATORY NO. 11:**

Set forth in detail all legal and factual bases for any contention that the 816 Patent is not invalid or unenforceable as set forth in Novartis's Invalidity Contentions. See Scheduling Order (D.I. 21) at 4.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it is premature as fact discovery is ongoing and not completed at this time.

Shilpa further objects to this Interrogatory as improperly seeking to shift the burden of proof to Plaintiff, because "contention interrogatories, if filed, shall first be addressed by the party with the burden of proof," (D.I. 21), which in the case of invalidity or unenforceability, lies with Defendant.

Shilpa also objects to this Interrogatory to the extent it seeks legal conclusions or expert opinions before the date for providing expert reports. Shilpa will provide responsive information at the time set forth in the Court's scheduling order (D.I. 21) for the production of expert materials based on the party bearing the burden of proof on an issue.

Subject to and without waiving any of its general or specific objections Shilpa responds that issued patents, including the '816 Patent, are presumed valid and enforceable under 35 U.S.C. § 282.

**INTERROGATORY NO. 12:**

Identify the earliest date on which Shilpa anticipated litigation asserting the 816 Patent against Novartis and identify all Shilpa Employees (including outside counsel) that anticipated litigation at or around that date.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it seeks discovery of information that is not relevant to the claims or defenses of any party and is not otherwise reasonably calculated to lead to the discovery of admissible evidence.

Shilpa further objects to this Interrogatory because it seeks seek discovery of information that is protected from disclosure by the attorney-client privilege and work-product doctrine.

Case 1:21-cv-00558-MN   Document 113-1   Filed 06/02/22   Page 5 of 12 PageID #: 1163

**INTERROGATORY NO. 13:**

Identify any individual involved in the XPRD experiment or analysis for each XRPD figure in the 816 Patent (i.e., Figs. 1, 3, and 5) or submitted by or on Shilpa's behalf during the prosecution of the 816 Patent (including but not limited to the figures in the Shrawat 132 Declaration).

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it seeks seek discovery of information that is protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving any of its general or specific objections Shila responds as follows: at least Dr. Shrawat and Mr. Rafiddun were involved in the XPRD experiment or analysis for each XRPD figure in the '816 Patent (i.e., Figs. 1, 3, and 5) or submitted by or on Shilpa's behalf during the prosecution of the '816 Patent.

**INTERROGATORY NO. 14:**

Identify any individual involved in the DSC experiment or analysis for each DSC figure in the 816 Patent (i.e. Figs. 2 and 4) or submitted by or on Shilpa's behalf during the prosecution of the 816 Patent.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it seeks seek discovery of information that is protected from disclosure by the attorney-client privilege and work-product doctrine.

Subject to and without waiving any of its general or specific objections Shilpa responds as follows: at least one or more of the inventors of the '816 Patent (Shrawat, Veereshappa, Singh, and Purohit) were involved in the DSC experiment or analysis for each DSC figure in the '816

4

Patent (i.e., Figs. 2 and 4) or submitted by or on Shilpa's behalf during the prosecution of the '816 Patent.

**INTERROGATORY NO. 15:**

Identify the date on which anyone at Sughrue Mion, PLLC began to work for any Shilpa entity on any matter concerning fingolimod hydrochloride, and the name(s) of any such person(s).

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it seeks discovery of information that is not relevant to the claims or defenses of any party and is not otherwise reasonably calculated to lead to the discovery of admissible evidence.

Shilpa further objects to this Interrogatory because it seeks seek discovery of information that is protected from disclosure by the attorney-client privilege and work-product doctrine.

**INTERROGATORY NO. 16:**

Identify any and all Litigation Holds Shilpa issued related to the 816 Patent, including (a) when the hold was issued; (b) who gave the notification or instruction to any Shilpa employee, (c) who received the notification or instruction, and (d) what form the notification or instruction took.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it is duplicative in view of Novartis' Interrogatory No. 10 to Shilpa, which Shilpa already responded to and served on January 17, 2022.

Shilpa further objects to this Interrogatory to the extent it seeks discovery about the discovery process, which is outside the scope of claims and defenses in this case, outside the scope of Fed. R. Civ. P. 26, and not proportional to the needs of this case. *Brand Energy & Infrastructure*

*Servs., Inc. v. Irex Corp.*, No. 16-2499, 2018 WL 806341, at *2 (E.D. Pa. Feb. 9, 2018) ("Federal courts 'will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents.'"); *see also Flynn v. Mfrs. & Trades Trust Co.*, 2021 U.S. Dist. LEXIS 175424, at *24 (E.D. Pa. Sept. 15, 2021).  No basis has been established that Plaintiff is not searching all relevant and reasonably available sources of ESI that may contain material responsive to Defendant's discovery requests, *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 428 (D. N.J. 2009) (A party cannot seek discovery of another party's discovery processes "[w]ithout any showing of bad faith or unlawful withholding of documents"), and discovery into Plaintiff's ongoing discovery efforts is improper. *Alley v. MTD Prods., Inc., et al.*, No. 3:17-3, 2018 WL 4689112, at *2 (W.D. Pa. Sept. 28, 2018) (holding that unless a party seeking discovery on discovery shows bad faith on the part of the party from whom this discovery is sought or the unlawful withholding of documents, discovery of the opposing party's discovery processes would not be permitted); *Orillaneda v. French Culinary Inst.*, No. 07-3206, 2011 WL 4375365, at *5-9 (S.D.N.Y. Sept. 19, 2011) (denying discovery on discovery where counsel failed to identify specific deficiencies in the opposing party's production); *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018) (When discovery on discovery is sought, "the party seeking the discovery must provide an 'adequate factual basis' to justify the discovery, and the court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.'").

Subject to and without waiving any of its general or specific objections Shilpa incorporates its response to Interrogatory No. 10.

**INTERROGATORY NO. 17:**

Identify all steps Shilpa took to preserve paper documents in the possession of Dr. Chaturvedi or Dr. Shrawat upon their departure from Shilpa.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it is duplicative in view of Novartis' Interrogatory Nos. 10, which Shilpa already responded to and served on January 17, 2022, and 16, which Shilpa responds to concurrently herewith.

Shilpa further object to this Interrogatory because it seeks discovery of information that is not relevant to the claims or defenses of any party and is not otherwise reasonably calculated to lead to the discovery of admissible evidence.

Shilpa further objects to this Interrogatory to the extent it seeks discovery about the discovery process, which is outside the scope of claims and defenses in this case, outside the scope of Fed. R. Civ. P. 26, and not proportional to the needs of this case. *Brand Energy v. Irex Corp.*, 2018 WL 806341, at *2 ("Federal courts 'will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents.'"); *see also Flynn v. Mfrs. & Trades Trust Co.*, 2021 U.S. Dist. LEXIS 175424, at *24. No basis has been established that Plaintiff is not searching all relevant and reasonably available sources of ESI that may contain material responsive to Defendant's discovery requests, *Ford Motor Co. v. Edgewood*, 257 F.R.D. at 428 (A party cannot seek discovery of another party's discovery processes "[w]ithout any showing of bad faith or unlawful withholding of documents"), and discovery into Plaintiff's ongoing discovery efforts is improper. *Alley v. MTD*, 2018 WL 4689112, at *2 (holding that unless a party seeking discovery on discovery shows bad faith on the

7

part of the party from whom this discovery is sought or the unlawful withholding of documents, discovery of the opposing party's discovery processes would not be permitted); *Orillaneda*, 2011 WL 4375365, at *5-9 (denying discovery on discovery where counsel failed to identify specific deficiencies in the opposing party's production); *Winfield v. City of New York*, 2018 WL 840085, at *3 (When discovery on discovery is sought, "the party seeking the discovery must provide an 'adequate factual basis' to justify the discovery, and the court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.'").

Subject to and without waiving any of its general or specific objections, Shilpa incorporates its response to Interrogatory No. 10.

**INTERROGATORY NO. 18:**

Identify the three Shilpa Employees most knowledgeable about document preservation policies, procedures, and practices, including, but not limited to, the search and retrieval capabilities Shilpa described in its January 17, 2022 response to Novartis Interrogatory 10.

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it seeks discovery of information that is not relevant to the claims or defenses of any party and is not otherwise reasonably calculated to lead to the discovery of admissible evidence. Shilpa further objects to this Interrogatory as requiring identification of three employees most knowledgeable about document preservation policies, procedures, and practices. Shilpa also objects to this Interrogatory to the extent it refers to "the search and retrieval capabilities" nowhere referenced in Shilpa's response to Novartis Interrogatory No. 10.

Shilpa further objects to this Interrogatory to the extent it seeks discovery about the

discovery process, which is outside the scope of claims and defenses in this case, outside the scope of Fed. R. Civ. P. 26, and not proportional to the needs of this case. *Brand Energy v. Irex Corp.*, 2018 WL 806341, at *2 ("Federal courts 'will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents.'"); *see also Flynn v. Mfrs. & Trades Trust Co.*, 2021 U.S. Dist. LEXIS 175424, at *24. No basis has been established that Plaintiff is not searching all relevant and reasonably available sources of ESI that may contain material responsive to Defendant's discovery requests, *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. at 428 (A party cannot seek discovery of another party's discovery processes "[w]ithout any showing of bad faith or unlawful withholding of documents"), and discovery into Plaintiff's ongoing discovery efforts is improper. *Alley v. MTD*, 2018 WL 4689112, at *2 (holding that unless a party seeking discovery on discovery shows bad faith on the part of the party from whom this discovery is sought or the unlawful withholding of documents, discovery of the opposing party's discovery processes would not be permitted); *Orillaneda*, 2011 WL 4375365, at *5-9 (denying discovery on discovery where counsel failed to identify specific deficiencies in the opposing party's production); *Winfield v. City of New York*, 2018 WL 840085, at *3 (When discovery on discovery is sought, "the party seeking the discovery must provide an 'adequate factual basis' to justify the discovery, and the court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.'").

Subject to and without waiving any of its general or specific objections, Shilpa responds as follows: Shilpa is unaware of three individuals at Shilpa "most knowledgeable about document preservation policies, procedures, and practices, including, but not limited to, the search and retrieval capabilities." However, Mr. Viswaprasad Varanasi is generally knowledgeable about

9

Shilpa's document preservation policies, procedures, and practices.

**INTERROGATORY NO. 19:**

Identify all persons who work for Shilpa (either as employees or outside advisors) involved in the decision to file the Complaint in this case, and the respective role of each (e.g., advisor, decision maker, final decision maker, etc.).

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it seeks discovery of information that is not relevant to the claims or defenses of any party and is not otherwise reasonably calculated to lead to the discovery of admissible evidence.

Shilpa further objects to this Integratory because it seeks seek discovery of information that is protected from disclosure by the attorney-client privilege and work-product doctrine.

**INTERROGATORY NO. 20:**

Identify all persons who work for Shilpa (either as employees or outside advisors) involved in the decision to file the 816 Patent application, and the respective role of each (e.g., advisor, decision maker, final decision maker, etc.).

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to and without waiving any of its General Objections, Shilpa objects to this Interrogatory because it seeks discovery of information that is not relevant to the claims or defenses of any party and is not otherwise reasonably calculated to lead to the discovery of admissible evidence.

Shilpa further objects to this Interrogatory because it seeks seek discovery of information that is protected from disclosure by the attorney-client privilege and work-product doctrine.

Dated: May 2, 2022

                                            SMITH, KATZENSTEIN & JENKINS LLP

OF COUNSEL:                           */s/ Eve H. Ormerod*
                                            Neal C. Belgam (No. 2721)
SUGHRUE MION, PLLC           Eve H. Ormerod (No. 5369)
Michael R. Dzwonczyk            1000 West Street, Suite 1501
Raja N. Saliba                           Wilmington, DE 19801
L. Roman Rachuba                (302) 652-8400
2000 Pennsylvania Ave., NW       nbelgam@skjlaw.com
Washington, DC 20037            eormerod@skjlaw.com
(202) 293-7060
mdzwonczyk@sughrue.com        *Attorneys for Plaintiff Shilpa Pharma, Inc.*
rsaliba@sughrue.com
lrachuba@sughrue.com