SMITH KATZENSTEIN JENKINS LLP

June 3, 2022

**VIA CM/ECF**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, DE 19801-3555

**Re:** *Shilpa Pharma, Inc. v. Novartis Pharms. Corp.*, C.A. No. 21-558-MN-SRF

Dear Magistrate Judge Fallon:

Shilpa writes in response to Novartis' letter (D.I. 113) regarding the parties' discovery disputes. The discovery Novartis seeks is premature, privileged, work product, and/or not relevant to any parties' claims or defenses.

*Contention Interrogatory No. 11:*

Interrogatory No. 11 calls for "all legal and factual bases for any contention that the 816 Patent is not invalid or unenforceable as set forth in Novartis's Invalidity Contentions." (D.I. 113, Ex. A, at 2).

Substantial discovery has not taken place. Neither party has produced documents responsive to document requests and no fact depositions have been taken. Opening expert reports are not due until November 23, 2022. (D.I. 21 (Scheduling Order), at 14). While early responses to contention interrogatories are encouraged (D.I. 21), premature compulsion of those same responses would force parties to set forth theories of its case that have not yet been developed. *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) ("If the court forces a party to respond to early contention interrogatories, the party may have to set forth theories of its case that have not yet been developed.").

Moreover, Novartis' request is not proportional given that Novartis' contentions run 135 pages long (excluding the references), include at least nine grounds *each* of anticipation and obviousness, for each claim of the '816 patent, and reserve all rights to supplement and augment those positions. (D.I. 113, Ex. B, at 5). Sixteen pages of its contentions provide a listing of over 340 reference that allegedly provide "the state of the art in the relevant time frame, the level of ordinary skill in the art, and/or a reason or motivation to combine," and that "may also provide further disclosures of particular elements of the asserted claims." Given that "Novartis reserves the right to add these references to the exemplary charted anticipation and obviousness contentions," there are thousands of potential obviousness combinations. (*Id*., at 12-27).[1]

Compelling Shilpa to respond to Novartis's preliminary Invalidity Contentions when even Novartis has not crystalized its position on issues for which Novartis carries the burden of proof and well before substantial fact discovery has occurred would force Shilpa to take positions that

---

[1] Beyond merely listing these references and the foregoing general allegation of their applicability, Novartis provides no explanation as to how it intends to rely on them.

Hon. Sherry R. Fallon
June 3, 2022 Page 2

have not and cannot be fully developed at this time. *Braun,* 155 F.R.D at 527.[2] For example, Novartis has not explained how the references cited "implicitly, and/or inherently" disclose features as claimed, and so Shilpa is unable to formulate a responsive position. (*Id.*, at 8).

Novartis should be required to "streamline" its contentions and "reduc[e the] prior art references and obviousness combinations" to a reasonable number. *See Gillette Co. v. Dollar Shave Club, Inc.*, 2018 U.S. Dist. LEXIS 124897, *5 (D. Del. Jul. 23, 2018). In *Gillette*, Judge Stark denied defendant's motion to compel a response to invalidity contentions subject to his order that the parties meet and confer to "streamlin[e] the case."

Courts routinely "defer such interrogatories until the end of discovery." *Novanta Corp. v. Iradion Laser, Inc.*, 2016 U.S. Dist. LEXIS 126042, at *22 (D. Del. Sept. 16, 2016); *see Conopco, Inc. v. Warner-Lambert Co.*, 2000 U.S. Dist. LEXIS 1601, at *13(D.N.J. Jan. 26, 2000); *see also Amgen Inc., v. Sandoz Inc.*, 2016 U.S. Dist. LEXIS 33431, at *11 (N.D. Cal. Mar. 15, 2016) ("courts tend to deny contention interrogatories filed before substantial discovery has taken place, [and instead] grant them if discovery almost is complete"); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992) (contention interrogatories were premature when filed before substantial documentary or testimonial discovery had been completed).

Likewise, the Scheduling Order provides for the orderly progression of this case with logical discovery phases for meaningfully clarifying the issues and narrowing the scope of the dispute. (D.I. 21). Specifically, the Scheduling Order provides for preliminary Invalidity Contentions on February 11, 2022, and Final Invalidity Contentions on November 4, 2022. (*Id.* at 13-14). Logically, expert reports follow. Novartis did not seek to modify the Court's Scheduling Order, but its request that premature responses to its sprawling invalidity contentions be compelled at this point is in substance an end run around this Order.

The authority cited by Novartis is inapposite.[3] First, *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, D.I. 344, at 4 (D. Del. Oct. 22, 2021) dealt with a request regarding damages, not invalidity contentions. In *Quantum Loyalty Systems, Inc. v. TPG Rewards, Inc.*, 2012 U.S. Dist. LEXIS 28941, at *9 (D. Del. Mar. 6, 2012), Plaintiff was compelled to respond to an interrogatory regarding on its own two products, and in *Astellas Pharma, Inc. v. Actavis Elizabeth*, 2018 U.S. Dist. LEXIS 183702, at *10 (D. Del. Oct. 24, 2018), Plaintiff was compelled to further supplement its response to an interrogatory relating to secondary considerations of nonobviousness, where discovery had been substantially completed. Likewise, *Woods v. DeAngelo Marine Exhaust*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) "stands for the unremarkable proposition that ***after significant discovery has occurred***, such interrogatories can narrow issues and simplify

---

[2] Shilpa has not yet had an opportunity to work closely with an expert to develop its own theories in response to Novartis' voluminous and incomplete invalidity theories.

[3] During the meet and confer period, Novartis asserted that "[i]t is common practice in Delaware to serve contention interrogatories asking for responses to court-ordered validity and infringement contentions[,]" but did not provide any relevant authority and the Court has not ordered validity contentions to be provided or responded to in this case. (Ex. B filed herewith (Novartis' 5/6/2022 Letter), at 1).

Hon. Sherry R. Fallon
June 3, 2022 Page 3

trial preparation." *Regeneron Pharms., Inc. v. B*.V., 2014 U.S. Dist. LEXIS 74918, at *8-9 (S.D.N.Y. May 28, 2014) (emphasis added)[4].

Finally with respect to Novartis' allegation regarding Shilpa's Interrogatory No. 5, Novartis is very differently situated than Shilpa in this regard. Interrogatory No. 5 calls for Novartis to provide the basis for its noninfringement contention. (Ex. A filed herewith (Novartis' Responses to Shilpa's First Interrogatories), at 9.) Novartis responded by stating that it would respond "after Plaintiff has served its infringement contentions[,]" which Shilpa has done. *Id*. Novartis has no basis to further withhold responding to Interrogatory No. 5 or to condition its response on Shilpa's response to Novartis' invalidity contentions.

*Interrogatory Nos. 16-17 and Request for Production Nos. 104-105*

Interrogatory No. 16 asks for the "[i]dentif[ication of] any and all Litigation Holds Shilpa issued related to the 816 Patent, including (a) when the hold was issued; (b) who gave the notification or instruction to any Shilpa employee, (c) who received the notification or instruction, and (d) what form the notification or instruction took." Relatedly, Interrogatory No. 17 asks for Shilpa to "[i]dentify all steps Shilpa took to preserve paper documents in the possession of Dr. Chaturvedi or Dr. Shrawat upon their departure from Shilpa." D.I. 113, Ex. A, at 5. Requests Nos. 104 and 105 respectively call for "[d]ocuments sufficient to identify Shilpa's . . . email system's host, software, and owner", as well as the "search capability of Shilpa's email system, including Shilpa's ability to search for and identify the emails of departed employees . . . [for] the period from 2009 to the present." (D.I. 113, Ex. C, at 27-28).

The information Novartis seeks is privileged, and is protected from discovery by the Court's Default Standard for Discovery, which expressly excludes the type of information Novartis seeks from discovery: "Activities undertaken in compliance with the duty to preserve information." District of Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information, at 2.

Second, the information Novartis seeks is irrelevant. Judge Robinson has already declined disqualification of Mr. Iyer because "Shilpa has represented that Mr. Iyer[s] . . . personal knowledge is not a basis for the allegations of willful and induced infringement." (D.I. 98, at 6-7). Information regarding a litigation hold and the technical capabilities of Shilpa's email system are not even peripherally related; in fact, they are affirmatively *unrelated* to Novartis' defense of Shilpa's willfulness claim. Novartis has not provided any authority in support of its position. Production of information regarding litigation holds arise in the context of spoliation, which is not an issue here. *RG Abrams Ins. v. Law Offs. of C.R. Abrams*, 2021 U.S. Dist. LEXIS 253216, at *33 (C.D. Ca. Dec. 22, 2021) (Request to produce litigation hold information denied where the party failed to establish "any relevance to the claims or defenses" in the case.).

Additionally, Novartis is not entitled to the information it seeks without establishing that Shilpa has wrongfully withheld information. *Brand Energy & Infrastructure Servs., Inc. v. Irex Corp*., 2018 U.S. Dist. LEXIS 21810, *6 (E.D. Pa. Feb. 9, 2018) ("Federal courts 'will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents.'"); *see Flynn v. Mfrs. & Trades Trust Co*., 2021 U.S. Dist. LEXIS 175424, at *24 (E. D. Pa. Sept. 15, 2021); *Ford Motor Co. v. Edgewood Prop.,*

---

[4] Novartis has not explained any relevance in relation to its authority in footnote 1 of its letter.

Hon. Sherry R. Fallon
June 3, 2022 Page 4

*Inc.*, 257 F.R.D. 418, 428 (D.N.J. 2009) (A party cannot seek discovery of another party's discovery processes "[w]ithout any showing of bad faith or unlawful withholding of documents."); *Major Tours, Inc. v. Colorel*, 2009 U.S. Dist. LEXIS 68128, at *6 (D.N.J. Aug. 4, 2009) ("As a general matter hold letters are not discoverable, particularly when a party has made an adequate showing that the letters include material protected under attorney-client privilege or the work-product doctrine."). Novartis cannot avoid the threshold showing of wrongdoing by merely characterizing Interrogatories Nos. 16-17 as being relevant to willfulness and inequitable conduct. *Proa v. NRT Mid-Atlantic, Inc.*, 2008 U.S. Dist. LEXIS 129572, at *92 (D. Md. June 20, 2008) (Finding that "the scope, nature, description, and type of documents that were placed on hold as a result of the litigation hold, as well as all related documents" are privileged.).

Finally, to the extent Shilpa has responsive documents that are privileged, it will list them in its privilege log in accordance with Rule 26. (*See, e.g.,* D.I. 113, Ex. C, at 26 (Response to Request No. 102).

*Interrogatory Nos. 19-20*

Interrogatory Nos. 19 and 20 respectively ask for the identification of all persons involved in the decision to file the Complaint and Patent Application in this case, and their respective roles. (D.I. 113, Ex. A, at 11).

Information regarding the decision to file a lawsuit or a patent is exactly the type of information the Federal Rules protect from disclosure. Fed. R. Civ. P. 26(b)(3)(A) and (B). *See e.g.*, *United States v. Stabl Inc.*, 2018 U.S. Dist. LEXIS 135451, at *19-20 (D. Neb. Aug. 8, 2018) ("information regarding 'the decision . . . to file the Complaint in this matter and when to file that complaint' is clearly work product"). The "decision to file" the Complaint and the '816 patent go beyond simple descriptions of "the nature of" relevant documents and communications as required under Fed. R. Civ. P. 37(b)(5), and would not be included on a privilege log.

Novartis' mere fraud allegations do not negate the protections of privilege or the work-product doctrine. *Allergan Inc. v. Pharmacia Corp.*, 2002 U.S. Dist. LEXIS 19811, at *3-4 (D. Del. May 17, 2002) ("Moreover, absent a *prima facie showing* of fraud, *an allegation* of inequitable conduct, in and of itself, does not vitiate the attorney-client privilege or the protections of the attorney work product doctrine.") (emphasis added) (citing *In re Spalding Sports Worldwide*, Inc., 203 F.3d 800, 806-07 (Fed. Cir. 2000)).

For the foregoing reasons, Shilpa respectfully requests that the Court deny Novartis' motion to compel discovery because the discovery Novartis seeks is premature, privileged, work product, and/or not relevant to any parties' claims or defenses.

Respectfully Submitted,

/s/ Eve H. Ormerod

Eve H. Ormerod (#5369)

Enclosures

cc:     All Counsel of Record (via CM/ECF)