IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHILPA PHARMA, INC.,<br>            Plaintiff,<br><br>     v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br>            Defendant,<br><br>            -and-<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br>            Defendant-Counterclaim Plaintiff,<br><br>     v.<br><br>SHILPA PHARMA, INC.,<br>            Plaintiff-Counterclaim Defendant<br><br>            -and-<br><br>SHILPA MEDICARE LIMITED,<br>            Counterclaim Defendants. | C.A. No. 21-558-MN |

**DECLARATION OF JUSTICE B. N. SRIKRISHNA (RETD.)
FORMER JUSTICE, SUPREME COURT OF INDIA**

I, Justice B. N. Srikrishna, hereby declare as follows:

1. I have been retained by Novartis Pharmaceuticals Corporation ("Novartis") to provide my opinion regarding the state of Indian law pertaining to communications between an employer and his employee in-house counsel.

2. I have previously provided my opinion on this matter upon the request of the Honorable Kent A. Jordan in connection with a lawsuit in the District of Delaware. *Shire Dev.*

1

*Inc. v. Cadila Healthcare Ltd.*, Civ. Act. No. 10-581-KAJ (D.I. 209) (D. Del. June 28, 2012)). In particular, I was asked to provide my opinion on the following question:

> *"Whether a communication between an employer and his employee in-house counsel, would be privileged communication within the meaning of Sections 126 and 129 of the Indian Evidence Act, 1872 ?"*

3. I understand that Judge Jordan adopted my opinion, as has another court in the District of Delaware. *Shire Development Inc. v. Cadila Healthcare Ltd.*, 2012 WL 5331564, *1 (D. Del. 2012); *Reckitt Benckiser Pharms. Inc v. Dr. Reddy's Lab'ys SA*, No. CV 14-1451-RGA, 2016 WL 11694169, at *2 (D. Del. Nov. 4, 2016). I have reviewed my opinion submitted to Judge Jordan on June 27, 2012. There have been no developments in Indian law that have changed my opinion, and I adopt it in full today. For the same reasons that I expressed on June 27, 2012, it is my opinion that the legal privilege in India does not extend to in-house counsel because he or she would not be considered an advocate under Section 29 of the Advocates Act, 1961.

4. I have also been asked to provide my opinion regarding the applicability of Sections 126 and 129 of the Indian Evidence Act, 1872, to an individual who has obtained a Bachelor of Laws (LL.B.) degree from an Indian University but has not been enrolled as an advocate by a State Bar Council. Under Indian law, such an individual would not be considered an advocate, "legal professional adviser," or a "barrister, attorney, pleader or vakil." Therefore, Sections 126 and 129 of the Indian Evidence Act, 1872, would not apply to shield any communications to or from that individual, even if the communications purport to solicit or reflect legal advice.

5. I have also been asked to provide my opinion regarding the applicability of Sections 126 and 129 of the Indian Evidence Act, 1872, to an individual who is a registered patent agent under Section 126 of the [*Indian*] Patents Act, 1970. Section 126 [*Indian*] Patents Act, 1970 does

not require a person to be a graduate in law in order to be registered as a patent agent. Being a graduate in law is the minimum requisite condition for being enrolled as an advocate under the Advocates Act, 1961. Under Indian law, a registered patent agent would not be considered an advocate, "legal professional adviser," or a "barrister, attorney, pleader or vakil." Therefore, Sections 126 and 129 of the Indian Evidence Act, 1872, would not apply to shield any communications to or from that individual, even if the communications purport to solicit or reflect legal advice.

I declare under penalty of perjury the foregoing is true and correct.

Dated: 29 October 2022

Mumbai

*Justice BN Srikrishna*

Justice B. N. Srikrishna (Retd.)