## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHILPA PHARMA, INC., | |
| Plaintiff, | C.A. No. 21-558-MN |
| v. | **JURY TRIAL DEMANDED** |
| NOVARTIS PHARMACEUTICALS CORPORATION, | **REDACTED PUBLIC VERSION** |
| Defendant, | |

### SHILPA'S OPENING DISCOVERY DISPUTE LETTER

OF COUNSEL:

**SUGHRUE MION, PLLC**
Michael R. Dzwonczyk
Raja N. Saliba
2000 Pennsylvania Ave., NW
Washington, DC 20037
(202) 293-7060
mdzwonczyk@sughrue.com
rsaliba@sughrue.com

**SMITH, KATZENSTEIN & JENKINS LLP**
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Plaintiff Shilpa Pharma, Inc.*

Dated: March 1, 2023

Dear Judge Hall:

      Further to Your Honor's Order of February 24, 2023 (D.I. 267), Plaintiff Shilpa Pharma Inc. ("Plaintiff" or "Shilpa") seeks the Court's assistance in obtaining full and complete testimony on Shilpa's Deposition Topic 13, propounded under Fed.R.Civ.P. 30(b)(6) on Novartis on October 12, 2022. (Ex. 1). Topic 13 is directed to the processes Novartis has used and presently uses to manufacture fingolimod hydrochloride (the active ingredient in Gilenya) and Gilenya itself, including any changes to the manufacturing processes that have occurred over the years. Shilpa contends that the patent-in-suit covers Gilenya, and the manufacturing process is relevant to the resulting crystal form of the active ingredient.

      At about the same time Shilpa served its Rule 30(b)(6) Notice, Shilpa propounded nearly identical Interrogatory 13, directed to "the manufacturing process for Gilenya, including any and all changes to the manufacturing process from when Novartis first began manufacturing Gilenya for commercial sale to the present." (Ex. 2).

      Novartis responded to Interrogatory 13 on November 9, 2022, under Rule 33(d), identifying 13 documents (master batch records) as among those "describing the manufacturing process for Gilenya." (Ex. 3, p. 6). On January 18, 2023, Novartis provided objections to several topics from Shilpa's Rule 30(b)(6) Notice, but it did not object to Topic 13 and in fact designated Dr. Guido Jordine as the corporate witness for Topic 13 in its entirety. (Ex. 4). At no time prior to the deposition did Novartis object to the scope of Topic 13 or advise that Dr. Jordine's testimony on Topic 13 would be restricted in any way. Rule 30(b)(6) requires that, "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed.R.Civ.P. 30(b)(6).

      At his deposition, Dr. Jordine was unable to respond to basic questions about Novartis's manufacturing processes and any changes made over time. Glaringly, with regard to the *exact same* master batch records for formulation of the drug substance identified by Novartis in its response to Interrogatory 13 (deposition exhibits 10-22 to Ex. 5), Dr. Jordine testified tha

      Beyond the batch records that Novartis identified, Dr. Jordine was

[REDACTED]

Following the February 3 deposition, Shilpa wrote to Novartis on February 13, challenging the adequacy of Dr. Jordine's testimony about Topic 13. (Ex. 6). Novartis responded on February 20, stating that Dr. Jordine was adequately prepared to testify and, for the first time, raised an objection to the *scope* of Topic 13. (Ex. 7). Novartis alleged that Topic 13 failed to identify with specificity the subjects of interest, and that it was phrased in broad terms and did not focus on the batch records or other issues contained in Shilpa's February 13 letter. *Id.* Shilpa responded on February 21, pointing out that at no time prior to the deposition or during the deposition did Novartis object to the scope of Topic 13, and at no time during the deposition did it object to the use of the master batch records itself had designated (or any other exhibits relating to the manufacturing process) as outside the scope of Topic 13. (Ex. 8).

In addition to being entirely inconsistent with its own response to Interrogatory 13, Novartis's scope objection to Topic 13 is too late. *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2022 U.S. Dist. LEXIS 92754 (N.D. Tex. May 23, 2022) ( "[a] party cannot fail to raise objections to Rule 30(b)(6) deposition notices, present a representative to testify on those topics, and then later raise objections to the scope or propriety of the topics." *Id.* at *23, citing *OrchestrateHR, Inc. v. Trombetta*, No. 3:13-CV-2110-P, 2015 U.S. Dist. LEXIS 179784, 2015 WL 11120526, at *2 (N.D. Tex. July 15, 2015).

Shilpa seeks information about the manufacturing process for Gilenya and any changes that have occurred to that process over the years. The information responsive to this topic is directly relevant to Novartis' claim that its product has not at all changed over time since its initial approval in 2010, and that its manufacturing process has not materially changed since then as well (Ex. 9, p. 39 n.3). Because Rule 26 defines the permissible scope of discovery as "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case," Shilpa is entitled to discovery on Novartis' manufacturing processes for fingolimod hydrochloride, Gilenya, and any changes that have occurred to those processes since FDA approval in 2010. *See* Fed.R. Civ. P. 26; Ex. 8. Shilpa's follow up requests to Novartis were specific as to the areas of inquiry not addressed by Dr. Jordine (Ex. 6), but Novartis disagreed and offered to provide interrogatory responses to specific questions. (Ex. 7). Shilpa explained that it would be impossible to know based on documents alone what inquiries could most appropriately be propounded as an interrogatory (Ex. 8), and it even offered to conduct a limited video deposition (by Zoom or another platform) to avoid witness travel (Ex. 10 ), but Novartis refused. *Id.*

If Novartis is unwilling or unable to produce a witness to testify about its manufacturing processes, it should be precluded from arguing at trial that neither its product nor its manufacturing processes have changed over time.

2

The parties have complied with the District of Delaware LR 7.1.1, including a teleconference with Delaware counsel for the parties.

Respectfully,

*/s/ Neal C. Belgam*

Neal C. Belgam (#2721)

Enclosures
cc: All Counsel of Record (via email)