## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHILPA PHARMA, INC., <br>         Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br>         Defendant, <br><br> -and- <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br>         Defendant-Counterclaim Plaintiff, <br><br> v. <br><br> SHILPA PHARMA, INC., <br>         Plaintiff-Counterclaim Defendant <br><br> -and- <br><br> SHILPA MEDICARE LIMITED, <br>         Counterclaim Defendants. | C.A. No. 21-558-MN-JLH <br><br> ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ <br><br> PUBLIC VERSION FILED: March 8, 2023 |

**LETTER TO THE HONORABLE JENNIFER L. HALL FROM DANIEL M. SILVER, ESQ. REGARDING NOVARTIS'S REQUESTS TO COMPEL DISCOVERY**

March 1, 2023
Page 1

Dear Judge Hall:

We write for Novartis to ask the Court to order targeted discovery into plaintiff Shilpa's (1) apparent spoliation of critical evidence and (2) financial information on sales of fingolimod hydrochloride, the drug at issue in this patent case. A proposed order is attached.

## Introduction

After a year of evasion, Shilpa revealed in November 2022 that it had failed to preserve the custodial data of Dr. Vimal Kumar Shrawat. Dr. Shrawat was the senior inventor on the patent Shilpa asserts here; the key declarant in the patent's file history; and a lead perpetrator of the fraud on the Patent Office at the center of Novartis's inequitable conduct defense. (*See* D.I. 85 (Novartis Amended Answer) ¶¶ 5, 34-82.) Shilpa's failure to preserve his data is severely prejudicial. Novartis thus seeks limited discovery into the issue, consistent with the Court's direction at a November 2022 discovery conference. The discovery includes three interrogatories and a focused 30(b)(6) deposition. Shilpa's resistance to this minimal inquiry has no merit.

In addition, Shilpa so far has refused to produce *any* financial information about the product at issue, fingolimod hydrochloride. Shilpa says all sales occurred abroad, though it acknowledges that foreign buyers may have later imported into the U.S. In any event, Novartis needs Shilpa's financial information to conduct a reasonable royalty analysis. Novartis further needs to question a Shilpa witness about product marking. The Court should overrule Shilpa's objections.

## Spoliation

Shilpa brought this case in April 2021. (D.I. 1 at 17.) The Complaint alleges Novartis's Gilenya® multiple sclerosis medicine infringes U.S. Pat No. 9,266,816, which claims a specific crystalline form of active ingredient fingolimod hydrochloride. Shilpa thus seeks a share of Gilenya's $10 billion in sales since the 816 Patent issued, plus enhanced willful infringement damages. Shilpa's willfulness claims depend on alleged communications between Shilpa's outside counsel and Novartis in February 2016, which supposedly put Novartis on notice of the 816 Patent. (*See* D.I. 1 at ¶¶ 28, 49; D.I. 43-1 (Rog 7 Response) at 16-18; D.I. 54 (Iyer Dec.) at ¶¶ 6-10.)

Starting in November 2021, Novartis repeatedly sought assurance that the custodial electronic records of important witnesses like Dr. Shrawat had been preserved and would be produced. Shilpa's counsel finally provided assurances after months of back-and-forth. (Ex. A (1/7/22 Email) at 1-2; Ex. B (5/10/22 Email) at 1-2, 7.) Indeed, in a June 2022 dispute about discovery into facts related to willfulness, Shilpa further told Magistrate Judge Fallon that "spoliation is not at issue" in the case. (D.I. 121 at 3 (6/3/22 Ltr.).)

Shilpa was wrong. Novartis observed the absence of Dr. Shrawat's custodial data in Shilpa's September 2022 production, and promptly raised it. Weeks of evasion followed. (D.I. 190 (Trenchard Decl.) ¶¶ 34-36.) Then at a November 14, 2022 conference, Shilpa finally came clean: Dr. Shrawat's data was gone. (Ex. J (11/14/22 Tr.) at 5:8-8:19.) The Court directed the parties "to figure out what happened to those e-mails and whether they were -- you know, there is any issue with spoliation going on there." (*Id*. at 8:5-8.)

Since then, Shilpa has pursued two tracks. First, Shilpa says Dr. Shrawat left the company in 2018, but no duty to preserve existed until November 2020. That supposedly absolves Shilpa. (Ex. C (1/6/23 Ltr.) at 3; Ex. D (1/30/23 Email) at 2.) But Shilpa has provided no rationale for the November 2020 date, and the Court found this argument "inconsistent" with the allegation that the parties' February 2016 communications put Novartis on notice of the Patent: "I don't see how you can say oh, well, we contacted them in 2016, we're going to rely on 2016, but we weren't under any obligation to preserve documents as of that date." (Nov. 14 Tr. 6:18-21; *see also id.* at 7:2-8:8 ("[Y]ou should have been preserving documents as of [2016].").) Second, Shilpa relies on a second-hand declaration that describes the loss of Dr. Shrawat's data as an innocent mistake, but provides no actual explanation for what happened to the data. (Ex. D (1/30/23 Email) at 2; Ex. E (1/25/23 Varanasi Declaration).)

The discovery Novartis seeks is designed to probe these issues, with minimal burden. First, three interrogatories—Nos. 10, 16, and 17—seek basic information about Shilpa's litigation hold process. (Ex. F (Rog 10) at 3 & Ex. G (Rogs 16 and 17) at 5-8.) Documents Shilpa has produced ▮▮▮▮▮▮▮▮▮▮. (Ex. I (SHIL0327769) at 1 ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The date(s) and other facts about a litigation hold bear upon whether a duty to preserve arose only in November 2020—if that's true, then that is when Shilpa should have instituted a hold. *Positran Mfg., Inc. v. Diebold, Inc.*, 2003 WL 21104954, at *2 (D. Del. May 15, 2003) ("A party who has reason to anticipate litigation has an affirmative duty to preserve evidence which might be relevant to the issues in the lawsuit.").

Second, Novartis seeks testimony under Rule 30(b)(6) about topics related to Shilpa's ESI systems and procedures. (Ex. H (Supplemental 30(b)(6) Notice), Topics 1, 5-15.) In assessing spoliation, the good faith or lack thereof of the party that failed to preserve is central. *GN Netcom, Inc. v. Plantronics, Inc.*, 2016 WL 3792833, at *5-*6 (D. Del. July 12, 2016) (holding that "a finding of bad faith is pivotal to a spoliation determination"). The noticed topics probe the *bona fides* of Shilpa's contention that Dr. Shrawat's data was lost by accident, and that Shilpa's inaccurate representations about that data during this case were unknowing.

Shilpa has not said that any of this discovery poses an undue burden. Nor would the discovery be disproportionate given the amounts at stake in this case and the importance of Dr. Shrawat. *See* Fed. R. Civ. Pro. 26(b)(1) (listing proportionality factors). Shilpa instead points to Judge Fallon's June 8, 2022 ruling as precluding "discovery on discovery." (Ex. K (2/10/23 Email) at 1.) But that ruling was made in June 2022 "in the absence of a credible allegation of spoliation." (June 8, 2022 Oral Order (Fallon).) Indeed, Shilpa incorrectly assured Judge Fallon that there was no spoliation. Now that evidence of spoliation exists, discovery into that issue is plainly appropriate. *See Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) (spoliation is "the destruction … of evidence or to the failure to preserve" in view of "reasonably foreseeable litigation.").

**Financial Information**

Novartis additionally seeks to compel Shilpa to produce financial information about the sale of fingolimod hydrochloride. That data is centrally relevant to damages. Nonetheless, Shilpa objects. Shilpa says all sales were outside the U.S. and are thus irrelevant here. Shilpa is wrong.

Financial data about an embodying product is central to several reasonable royalty factors, such as "profitability of the product made under the patent"; "advantages of the patent property over the old modes or devices"; and "the portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements." *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971). Courts thus routinely order production of a patentee's financial information. *See, e.g.*, *Utica Enterprises v. Fed. Broach & Mach. Co.*, No. 01-CV-74655-DT, 2006 WL 8095265, at *4 (E.D. Mich. Jan. 13, 2006) (ordering production of "sales records, costs, pricing structure, marketing expenses, and general financial records" as relevant to "the 'reasonable royalty'" analysis); *see also, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 1563253, at *5 (N.D. Cal. Apr. 12, 2013) (ordering production of finances); *Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, No. 14-CV-1153-JWH-SPX, 2021 WL 8649899, at *5 (C.D. Cal. Aug. 18, 2021) (same).

Here, Shilpa says the 816 patent covers a particular form of fingolimod called "Form-β." Shilpa sells that form. But other forms were known, including "Form I." (D.I. 1 ¶ 38.) Under a reasonable-royalty analysis, whether Form-β has advantages over Form-I—as reflected, for example, by greater customer demand, higher prices, or increased profitability—is plainly relevant. Shilpa resists this discovery solely on the ground that all of its fingolimod sales were abroad. (Ex. L (10/11/22 Ltr.)) Even if true, that is not a valid basis for objection. None of the *Georgia Pacific* factors above are geographically limited. Indeed, if Shilpa has been unable to realize commercial advantage in sales of Form-β abroad, that would suggest the Form-β has limited economic value and Shilpa's damages accordingly are small-to-non-existent, irrespective of whether Shilpa has a patent monopoly abroad.[1]

In addition, Novartis should be able to test Shilpa's thesis that none of its fingolimod hydrochloride ever made it to the United States. Shilpa emails show ███████████████ ██████████████████████████████████████████████████████████ (*E.g.*, Exs. M, N, O (SHIL0086965; SHIL0024528; SHIL0228177).) Those plans bear directly on the value (if any) extracted under the patent in the United States. Plus, importation into United States could limit Shilpa's remedies under 35 U.S.C. § 287(a), given the obligation to mark products with the patent number to seek pre-suit damages. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("[A] patentee [or his licensee] who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages.").

Without Shilpa's comprehensive fingolimod records, Novartis will be hamstrung in investigating these issues. Shilpa accordingly should be compelled to produce comprehensive financial information in response to Novartis RFPs Nos. 167–70 and Interrogatory No. 22. (Exs. P & Q.) Shilpa should also be compelled to produce a corporate witness on product marking. (Ex. H (Supplemental 30(b)(6) Notice), Topic 19.)

---

[1] For similar reasons, courts have found a patentee's foreign sales relevant to the commercial-success inquiry, regardless of the geographical limits of the patent monopoly. *See, e.g.*, *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1380 (Fed. Cir. 2012).

March 1, 2023
Page 4

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and Electronic Mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHILPA PHARMA, INC.,<br>         Plaintiff,<br><br>    v.<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION,<br>         Defendant,<br><br>    -and-<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION,<br>         Defendant-Counterclaim Plaintiff,<br><br>    v.<br><br>SHILPA PHARMA, INC.,<br>         Plaintiff-Counterclaim Defendant<br><br>    -and-<br><br>SHILPA MEDICARE LIMITED,<br>         Counterclaim Defendants. | C.A. No. 21-558-MN-JLH |

## **[PROPOSED] ORDER**

Novartis Pharmaceuticals Corporation's ("Novartis") motion to compel discovery is hereby granted. Within seven (7) days of this Order, Shilpa Pharma, Inc. and Shilpa Medicare Limited (collectively, "Shilpa") are ordered to:

1. Provide responses to Novartis's Interrogatory Nos. 10, 16, 17, and 22 in their entirety;

2. Produce a corporate witness designated under Topics 1, 5–15, and 19 of Novartis's Supplemental 30(b)(6) Notice; and

3. Produce documents in response to Novartis's Request for Production Nos. 167–70 in their entirety.

**SO ORDERED** this _____ day of _____, 2023.

                                                                                                                                           United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on March 1, 2023 on the following counsel in the manner indicated below.

## **VIA EMAIL**

Neal C. Belgam
Eve H. Ormerod
SMITH, KATZENSTEIN & JENKINS LLP
1000 West Street, Ste. 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

Brett Sylvester
Michael R. Dzwonczyk
Jay Lytle
John Callahan
Raja N. Saliba
Roman Rachuba
SUGHRUE MION, PLLC
2000 Pennsylvania Ave., NW
Washington, DC 20037
(202) 293-7060
bsylvester@sughrue.com
mdzwonczky@sughrue.com
jlytle@sughrue.com
jcallahan@sughrue.com
rsaliba@sughrue.com
lrachuba@sughrue.com

*Counsel for Plaintiff Shilpa Pharma, Inc.*

Dated: March 1, 2023                                    */s/ Daniel M. Silver*
                                                       Daniel M. Silver (#4758)